## Kurland v. Kurland

*Maurice E. Cohen*, for libellant.

*John R. K. Scott* and *William T. Connor*, for respondent.

PARRY, J., October 19, 1932.—The exceptions filed to the master's report complain that he gave undue weight to certain contradictions in the libellant's testimony upon which he based the conclusion that the charges in the libel were not sustained by sufficient competent and credible testimony.

The exceptions appear to be principally grounded on an opinion expressed by the master that, had it not been for developments at the last two or three hearings, he would in all likelihood have felt justified in recommending a decree favorable to the libellant. These developments consist of libellant's statements contradicting testimony given by him earlier in the proceedings with regard to the date upon which he left the marital domicile, and his reasons for so doing.

The master found that the libellant in his direct examination testified in a clear and convincing manner and showed an excellent recollection of all the particulars upon which he relied to support the averments of the libel, whereas when he was recalled for examination at a later date his testimony was vague and contradictory and displayed a rather striking loss of recollection on material points. This caused the master to doubt his veracity. He finally came to the conclusion that the libellant's testimony could not be relied on, and the decision is reached, apparently with some reluctance, that the libellant has not sustained the burden of proof.

Our attention has not been directed to anything in the voluminous record which the master has overlooked, and after a careful perusal of it we fail to note anything which would justify us in finding that he has either failed to consider the questions before him judicially or has reached an unwarranted conclusion. The question of the credibility of the witnesses was for him, and

he has said that although certain testimony of the libellant would, if believed, justify a decree, he does not believe it.

The evidence on behalf of the respondent contradicts that of the libellant in many material particulars and the master also entertained very serious doubts as to its credibility. He states, however, that in reaching the conclusion that the libel ought to be dismissed, he has disregarded the respondent's evidence. There is nothing in this unfavorable to the libellant, who failed before the master solely because of his inability to convince him that he was giving a truthful account of the matters of which he complained.

The exceptions to the master's report are overruled and the libel is dismissed.